UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| AMARJEET KAUR, et al., | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | Civil Action No. 06-0765 (RBW) |
| | ) | |
| MICHAEL CHERTOFF, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

## **MOTION TO DISMISS**

Pursuant to the Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3),

Respondents, Michael Chertoff, Secretary of DHS, et al., respectfully move to dismiss the above-

captioned matter for lack of subject matter jurisdiction and failure to state a claim upon which

relief can be granted.  A memorandum in support of this motion and a proposed order are

attached.

Respectfully submitted,

_____s/Kenneth L. Wainstein_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____s/Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____s/Peter S. Smith_____
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMARJEET KAUR, et al., | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) Civil Action No. 06-0765 (RBW) |
| | ) |
| MICHAEL CHERTOFF, et al., | ) |
| | ) |
| Defendants. | ) |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) |

## <u>MEMORANDUM IN SUPPORT OF MOTION TO DISMISS</u>

Respondents respectfully move to dismiss this case for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1), 12(b)(6), and 12(h)(3).

## BACKGROUND

Petitioners Amarjeet Kaur and Balwinder Singh Malhi filed the instant Petition for a Writ of Mandamus and Declaratory Judgment pursuant to the mandamus statute, 28 U.S.C. §1361, requesting that the Court order Respondents to adjudicate "Mrs. Kaur's Immigrant Petition for Alien Relative (Form I-130), filed on behalf of her husband, Mr. Balwinder Singh Malhi, on April 28, 2001." Pet. at 2. In the alternative, Petitioners moved for an order compelling "the adjudication of a more recent Immigrant Petition for Alien Relative (Form I-130) filed by Mrs. Kaur on behalf of her husband on February 22, 2005." Id. Petitioners also seek a declaratory judgment concerning "Mr. Malhi's Application for Employment Authorization (Form I-765), filed on April 12, 2005." Id. Since Petitioners have received this relief, this case is moot and must be dismissed.

The United States Citizenship and Immigration Services (CIS) issued a Notice of

Approval of Relative Immigrant Visa Petition on July 10, 2006. Ex. 1 attached. The Petition states, inter alia, that "[a] review of the service file in your case shows that you are in deportation/removal proceedings. Therefore any application for [lawful] permanent residen[ce] status [Form I-485] filed by you may only be considered in those proceedings." Id. at 2. A July 28, 2006 Employment Authorization Document Update/Inquiry shows that Petitioner Balwinder Malhi received employment authorization as of June 14, 2006, with an expiration date of June 13, 2007. Ex. 2 attached.

## ARGUMENT

### A.    Legal Standard

Defendant moves for dismissal under Rule 12(b)(1), as the Court now lacks jurisdiction over the subject matter, and Rule 12(b)(6), as the Plaintiffs fail to state a claim upon which relief can be granted. "In reviewing a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the court must accept the complaint's well-pled factual allegations as true and draw all reasonable inferences in the plaintiff's favor." Thompson v. Capitol Police Board, 120 F. Supp. 2d 78, 81 (D.D.C. 2000) (citations omitted). "The court is not required, however, to accept inferences unsupported by the facts alleged or legal conclusions that are cast as factual allegations." Rann v. Chao, Dep't. of Labor, 154 F. Supp. 2d 61, 64 (D.D.C. 2001) (citations omitted), affirmed, 346 F.3d 192 (D.C. Cir. 2003), cert. denied. In addition, "[o]n a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of persuasion to establish subject-matter jurisdiction by a preponderance of the evidence." Thompson, 120 F. Supp. at 81.

A court may resolve a motion to dismiss for lack of subject matter jurisdiction under Rule

12(b)(1) in two ways.  First, the court may determine the motion based solely on the complaint.

Herbert v. National Academy of Science, 974 F.2d 192, 197 (D.C. Cir. 1992).  Alternatively, to

determine the existence of jurisdiction, a court may look beyond the allegations of the complaint,

consider affidavits and other extrinsic information, and ultimately weigh the conflicting

evidence.  See id.  In keeping with the latter, Defendants have attached various exhibits to this

Memorandum.

Furthermore, a motion to dismiss brought pursuant to Rule 12(b)(6) should be granted if

it is beyond doubt that a Plaintiff can demonstrate no set of facts that supports his claim entitling

him to relief.  See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Sparrow v. United Air

Lines, Inc., 216 F.3d 1111, 1117 (D.C. Cir. 2000).

**B.      Since CIS Has Acted on Petitioners' Visa Petition and Employment Authorization
          Request, the Case Should be Dismissed as Moot.**

Under Article III, section 2 of the Constitution, federal courts only have jurisdiction to

hear and decide actual "cases" or "controversies." Allen v. Wright, 468 U.S. 737, 750 (1984); see

National Black Police Association v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir. 1997).

This requirement prevents the issuance of advisory opinions, as it demands the existence of an

actual dispute between adverse parties with a stake in the outcome.  See Richardson v. Ramirez,

418 U.S. 24, 36 (1974); see also City of Erie v. Pap's A.M., 529 U.S. 277, 305-06 (2000) (Scalia,

J. concurring).  In fact, "[n]o principle is more fundamental to the judiciary's proper role in our

system of government than the constitutional limitation of federal-court jurisdiction to actual

cases and controversies."  Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 37

(1976) (citing Flast v. Cohen, 392 U.S. 83, 95 (1968)).

3

The case-or-controversy requirement subsists "through all stages of federal judicial proceedings." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). The effect of post-complaint changes in the facts or law on the continued existence of a particular controversy are assessed through the lens of mootness. See Arizonans for Official English v. Arizona, 520 U.S. 43, 68 n.22 (1997) (quoting United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980)).

The United States Supreme Court explained that "federal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971)); National Black Police Association, 108 F.3d at 349. This inability of the federal judiciary "'to review moot cases derives from the requirement of Article III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" DeFunis, 416 U.S. at 316 (quoting Liner v. Jafco, Inc., 375 U.S. 301, 306 n.3 (1964)); see also City of Houston v. Department of Housing and Urban Development, 24 F.3d 1421, 1426 (D.C. Cir. 1994) ("Federal courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies") (quoting Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983)).

"Article III, Section 2 of the Constitution permits federal courts to adjudicate only 'actual, ongoing controversies.' If events outrun the controversy such that the court can grant no meaningful relief, the case should be dismissed as moot." McBryde v. Committee to Review Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 55 (D.C. Cir. 2001) (citations omitted); see also Pharmachemie B.V. v. Barr

4

Laboratories, Inc., 276 F.3d 627, 631 (D.C. Cir. 2002); Fraternal Order of Police v. Rubin, 134 F.

Supp.2d 39, 41 (D.D.C. 2001) (further noting that no justiciable controversy is presented when

the question to be adjudicated as been mooted by subsequent developments).  In other words, the

controversy must exist at the outset of the litigation and continue throughout the existence of the

suit.  See Columbian Rope Company v. West, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (citing

Arizonans for Official English, 520 U.S. 43).  As this Circuit has explained:

> [E]ven where litigation poses a live controversy when filed, the [mootness]
> doctrine requires a federal Court to refrain from deciding it if "events have so
> transpired that the decision will neither presently affect the parties' rights nor have
> a more-than-speculative chance of affecting them in the future."

Columbian Rope, 142 F.3d at 1316 (quoting Clarke v. United States, 915 F.2d 699, 701 (D.C.

Cir. 1990) (en banc)).  See also Westmoreland v. National Transportation Safety Board, 833 F.2d

1461, 1462 (11th Cir. 1987) ("When effective relief cannot be granted because of later events, the

appeal must be dismissed as moot.")  (citing Murphy v. Hunt, 455 U.S. 478, 481 (1982)).[1]

    In this case, the Court lacks subject matter jurisdiction because events subsequent to the

filing of the Petition have provided Petitioners with their requested relief and ended any live

controversy between the parties.  CIS has adjudicated the immigrant petition for alien relative

(Form I-130) and approved  Mr. Malhi's employment authorization application.  See Exs. 1 & 2.

That is the relief that Petitioners are seeking.  See Pet. at ¶ 26 (seeking order requiring CIS to

adjudicate "either of Mrs. Kaur's Petitions" and an order declaring "the denial of Mr. Malhi's

---

    [1]Mootness has been described as "'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'"  United States Parole Comm'n v. Geraghty, 445 U.S. 388, 397 (1980) (quoting Monaghan, Constitutional Adjudication: The Who and When, 82 Yale L.J. 1363, 1384 (1973)).

employment authorization was wrongful").  Petitioners also seek attorney's fees, but as explained below that request does not create a live controversy between the parties.  Since CIS adjudicated the I-130 Petition for Alien Relative on July 10, 2006, Exhibit 1, and approved Mr. Malhi's employment authorization application, Ex. 2, Petitioners have received their requested relief and there is no longer any judicial function for the Court to play.

Judge Sullivan recently dismissed a case much like this one, which was brought by the same counsel as counsel for Petitioners in this case, for mootness.  Jackson et al. v. Chertoff, Civil No. 05-0959 (EGS) (April 10, 2006), Document No. 9 (a copy of which is attached for the Court's convenience as Ex. 3).  In addition, the Court of Appeals has held on several occasions that where a plaintiff files a complaint seeking agency action, and the action is taken subsequent to the filing of the complaint, the case should be dismissed on mootness grounds.  For example, in Action on Smoking and Health v. Department of Labor, 28 F.3d 162, 163 (D.C. Cir. 1994), the plaintiff claimed that OSHA had "unreasonably delayed" in initiating a rulemaking proceeding.  Once OSHA issued a notice of proposed rulemaking, however, the Court found it unnecessary to reach the merits of the claim and dismissed on the basis of mootness.  Id. at 164.  Similarly, in Shoreham-Wading River Central School District v. United States Nuclear Regulatory Commission, 931 F.2d 102, 104 (D.C. Cir. 1991), petitioners filed a claim for relief based upon the Nuclear Regulatory Commission's "failure to decide" a request for action under 10 C.F.R. § 2.206.  Once the Commission issued the final decision, "the unlawful delay claim [was] therefore moot."  See also In re International Union, United Mine Workers of America, 231 F.3d 51, 54 (D.C. Cir. 2000); In re Arcadian Corp., 1995 WL 626501 (D.C. Cir. Oct. 4, 1999) (dismissing as moot petition to compel issuance of OSHA decision once decision rendered and entered into the

6

public record); Associated Builders & Contractors, Inc. v. Herman, 976 F. Supp. 1, 8 (D.D.C. 1997) (claim attacking delay moot once rulemaking issued).

Respondents' mootness argument also finds support in other causes of action where a plaintiff's complaint seeks action on the part of a federal agency, and the action is performed during the pendency of the case. In cases brought under the Freedom of Information Act, 5 U.S.C. § 552 et seq. (FOIA), once all documents have been released to the requester, the cases are properly dismissed on mootness grounds as there is no further judicial function for the Court to perform. See Crooker v. United States State Department, 628 F.2d 9, 10 (D.C. Cir. 1980) ("[o]nce the records are produced [in a FOIA case] the substance of the controversy disappears and becomes moot since the disclosure which the suit seeks has already been made"); see also Tijerina v. Walters, 821 F.2d 789, 799 (D.C. Cir. 1987); Trueblood v. Dep't of Treasury, 943 F. Supp. 64, 67 (D.D.C. 1996). Similarly, appeal from enforcement of a subpoena becomes moot once a party has come into compliance with the subpoena. See Office of Thrift Supervision v. Dobbs, 931 F.2d 956, 957-58 (D.C. Cir. 1991) (citing numerous cases).

It is clear that dismissal on mootness grounds is warranted here, based upon events subsequent to the filing of this lawsuit, which sought only to compel the adjudication of Mrs. Kaur's Petition and approval of Mr. Malhi's employment authorization request. Pet. at ¶ 26. Federal Rule of Civil Procedure 12(h)(3) directs that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter, the court shall dismiss the action." Furthermore, in this matter, there is no relief that the Court can grant.

Therefore, this lawsuit should be dismissed as moot.[2]

**C.    The Court Lacks Subject Matter Jurisdiction Over this Lawsuit Because Petitioners Have Not Identified any Proper Basis for the Court's Jurisdiction.**

It is well-settled that the United States, as sovereign, "is immune from suit save as it consents to be sued, and the terms of consent to be sued in any court define that court's jurisdiction to entertain the suit." United States v. Sherwood, 312 U.S. 584, 586 (1941); United States v. Testan, 424 U.S. 392, 399 (1976). Thus, a waiver of sovereign immunity is a jurisdictional prerequisite to maintaining a lawsuit against the Federal government. United States v. Mitchell, 463 U.S. 206 (1983).

Petitioners claim that the Court "has subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331, and the mandamus statute, 28 U.S.C. § 1361." Pet. at ¶ 1. Petitioners also cite the Administrative Procedure Act (APA), 5 U.S.C. § 706, and 28 U.S.C. §§ 2201 and 2202 concerning declaratory judgments. None of those statutory provisions waives the Federal government's sovereign immunity as to Petitioners' allegations. As explained above, there is no "unreasonably delayed" agency action cognizable under the APA. Petitioners' reliance on 28 U.S.C. § 1331 is likewise misplaced. Section 1331 does not in itself waive sovereign immunity and create jurisdiction in this Court. See, e.g., Gilbert v. DaGrossa, 756 F.2d 1455, 1458-59 (9th Cir. 1985) (holding that plaintiff's suit against IRS auditors acting in their official capacity was

---

[2] The Prayer for Relief requests an award of attorney's fees. Such a claim is not enough to maintain a live controversy. See, e.g., Cammermeyer v. Perry, 97 F.3d 1235, 1238-39 (9th Cir. 1996); Doe v. Marshall, 622 F.2d 118, 120 (5th Cir. 1980). Further, in this matter, Petitioners have failed to establish a court judgment or other statutorily qualifying grounds to be a prevailing party, requiring the denial of any such claim. See Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 604-05 (2001).

really a suit against the United States, which must be dismissed under the doctrine of sovereign immunity); Coleman v. Bureau of Indian Affairs, 715 F.2d 1156 (7th Cir. 1983).

Similarly, the declaratory judgment provisions Petitioners cite do not confer subject matter jurisdiction on the Court, but instead relate to the relief Petitioners could be awarded. See Gianelli v. Chirkes, 377 F.Supp.2d 49, 51 (D.D.C. 2005) (citing C & E Services, Inc. of Washington v. District of Columbia Water and Sewer Author., 310 F.3d 197, 201 (D.C. Cir. 2002) (finding that plaintiff could not rely upon 28 U.S.C. §2201 for subject matter jurisdiction, but instead must establish an independent basis for jurisdiction). See also Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72 (1950) (same).

**D.      The Extraordinary Remedy of Mandamus is Unwarranted.**

Even if the Court finds that Petitioners' action is not moot, they are not entitled to mandamus relief. The Mandamus and Venue Act of 1962 ("The Mandamus Act") states that "the district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. The Court's decision whether or not to exercise mandamus jurisdiction is discretionary. Public Citizen v. Kantor, 864 F.Supp. 208 (D.D.C.1994). A petition for a writ of mandamus is an extraordinary remedy that can be applied only in exceptional circumstances. To meet the mandamus standard, there must be: 1) a clear right to relief; 2) a plainly defined and nondiscretionary duty on the part of the defendant; and 3) no other adequate remedy available. In re Medicare Reimbursement Litig., 414 F.3d 7, 10 (D.C. Cir. 2005); see Ganem v. Heckler, 746 F.2d 844, 852 (D.C. Cir. 1984) (noting that mandamus is "an extraordinary remedy [that] generally will not issue unless" these requirements are met) (citing

9

Heckler v. Ringer, 466 U.S. 602, 616 (1984)).

The grant of mandamus relief is governed by Telecommunications Res. and Action Ctr. v. FCC, 750 F.2d 70 (D.C. Cir. 1984) ("TRAC").  In TRAC, the Court of Appeals established a six-part test to determine the reasonableness of agency delay and whether such delay is "so egregious as to warrant mandamus."  In re Bluewater, 234 F.3d. 1305, 1315 (D.C. Cir. 2000) (citing TRAC); see also In re American Rivers and Idaho Rivers United, 372 F.3d 413, 418 (D.C. Cir. 2004).  The TRAC six-part test provides that:

> (1) the time agencies take to make decisions must be governed by a "rule of reason," (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason, (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake, (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority, (5) the court should also take into account the nature and extent of the interests prejudiced by delay, and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed.'"

750 F.2d at 79-80; see also In re Barr Lab., 930 F.2d 72, 74-75 (D.C. Cir. 1991). Further, even if there is a clear, statutorily-defined timetable for agency action, courts may not intervene if the agency has acted rationally and in good faith.  Sierra Club v. Gorsuch, 715 F.2d 653, 658 and n.36 (D.C. Cir. 1983) (citing National Congress of Hispanic American Citizens v. Usery, 554 F.2d.1196, (D.C. Cir. 1977)).

As to the first and second TRAC factors, the undersigned counsel is unaware of any Congressionally-mandated timetable for Respondents' action on Immigrant Petitions for Alien Relative (Form I-130) nor on Applications for Employment Authorization (Form I-765). Therefore, under TRAC, in evaluating whether agency delay constitutes an abuse of discretion

10

cognizable under the APA or the mandamus statute, the Court must apply a "rule of reason"

analysis.  See TRAC, 750 F.2d at 80.  In applying this rule, delay by years alone is not per se

"unreasonable delay."  See Mashpee Wampanoag Tribal Council, Inc. v. Norton, 336 F.3d 1094,

1102 (D.C. Cir. 2003) ("that issue [whether the delay encountered should be deemed

unreasonable] . . . cannot be decided in the abstract, by reference to some number of months or

years beyond which agency inaction is presumed to be unlawful, but will depend in large part . . .

upon the complexity of the task at hand, the significance (and permanence) of the outcome, and

the resources available to the agency"); In re Barr Lab., 930 F.2d at 75 (explaining that, although

the agency missed a statutory deadline, "a finding that delay is unreasonable does not, alone,

justify judicial intervention") (emphasis added)).  The Court of Appeals reiterated the importance

of competing agency priorities in Mashpee Wampanoag Tribal Council, where it declined to

issue a writ in the face of a five-year delay on a tribe's petition for federal recognition as an

Indian tribe.  336 F.3d at 1101.

### III.  **CONCLUSION**

For the foregoing reasons, the Court should grant Respondents' Motion to Dismiss and

dismiss this case with prejudice.

Respectfully submitted,

_____s/Kenneth L. Wainstein_____
KENNETH L. WAINSTEIN, D.C. BAR # 451058
United States Attorney

_____s/Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. BAR #  434122
Assistant United States Attorney

_____s/Peter S. Smith_____
PETER S. SMITH, D.C. BAR # 465131
Assistant United States Attorney
United States Attorney's Office, Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0372