UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANNMARIE JACKSON and FREDERICK JACKSON<br><br>Petitioners,<br><br>v.<br><br>MICHAEL CHERTOFF, SECRETARY, DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 05-959 (EGS)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Petitioners filed this Petition for Mandamus under the mandamus statute, 28 U.S.C. § 1361, requesting that the Court order defendant to adjudicate petitioners' I-130 Immediate Relative Petition (and concomitant Application for Adjustment of Status)("Application"). On November 9, 2005, respondent denied petitioners' Application. Respondent now moves to dismiss the petition, arguing that the case is now moot. Upon consideration of respondent's motion, and the response and reply thereto, respondent's motion is **GRANTED**.

"Article III, Section 2 of the Constitution permits federal courts to adjudicate only 'actual, ongoing controversies.' If events outrun the controversy such that the court can grant no meaningful relief, the case should be dismissed as moot." *McBryde v. Comm. to Review Circuit Council Conduct and Disability Orders of the Judicial Conference of the United States*, 264 F.3d 52, 55 (D.C. Cir. 2001)(citations omitted). Where a plaintiff


GOVERNMENT EXHIBIT 3

files a complaint seeking agency action, and the action is taken subsequent to the filing of the complaint, the case should be dismissed on mootness grounds. *See Action on Smoking and Health v. Dep't of Labor*, 28 F.3d 162, 163 (D.C. Cir. 1994) (dismissing as moot plaintiff's claim that OSHA had "unreasonably delayed" in initiating a rulemaking proceeding because OSHA issued a notice of proposed rulemaking after the complaint was filed).

Petitioners claim that respondent's motion is premature because they have appealed the denial of their Application to the Board of Immigration Appeals ("BIA"), and a final adjudication has not been made.

At the outset, the Court notes that the BIA is not a part of the Department of Homeland Security, but rather an appellate body for the Executive Office of Immigration Review at the Department of Justice. *See* 6 U.S.C. §§ 271, 521; 8 C.F.R. § 1003.1. BIA has not been named in this lawsuit. Second, even if BIA had been named, district courts do not have jurisdiction over discretionary immigration decisions made outside the context of removal proceedings. 8 U.S.C. § 1252(a)(2)(B).

Thus, because no live case or controversy remains before this Court, defendant's Motion to Dismiss is **GRANTED** and this case is **DISMISSED WITH PREJUDICE.**

Signed:   **EMMET G. SULLIVAN**
          **UNITED STATES DISTRICT JUDGE**
          **April 10, 2006**