UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                              )
AMARJEET KAUR, et al.,                        )
                                              )
          Petitioners,                        )
                                              )
     v.                                       )          Civil Action No. 06-0765 (RBW)
                                              )
                                              )
MICHAEL CHERTOFF, et al.,                     )
                                              )
          Defendants.                         )
_____)

### <u>MEMORANDUM OF POINTS AND AUTHORITIES IN</u>
### <u>OPPOSITION TO RESPONDENTS' MOTION TO DISMISS</u>

Petitioners Amarjeet Kaur and Balwinder Singh Malhi file this opposition to Appellee's

Motion to Dismiss pursuant to LCvR 7(b).  Petitioners brought the underlying action to compel

the adjudication of an Immigrant Petition for Alien Relative (Form I-130) filed by Mrs. Kaur in

April of 2001.  In addition, Petitioners requested that the court declare the denial of Mr. Malhi's

employment authorization to be wrongful.  Respondents have moved to dismiss the complaint on

mootness grounds because Mrs. Kaur's *second* Immigrant Petition for Alien Relative (Form I-

130) has been adjudicated and Mr. Kaur has received his employment authorization.  However,

Petitioners maintain the right to compel the adjudication of Mrs. Kaur's initial I-130 Petition and

to preserve the April 2001 filing date.  Because Respondents failed to adjudicate Petitioners'

April 2001 I-130 Petition and Petitioners maintain that they are entitled to this agency action, a

live case or controversy exists and this case should not be dismissed.

**ARGUMENT**

**A.    Petitioners' Claims are not Moot**

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may only be granted when it is "beyond doubt" that there is no set of facts that plaintiffs can prove that will entitle them to relief.  <u>Sparrow v. United Air Lines, Inc.</u>, 216 F.3d 1111, 1114 (D.C. Cir. 2000).  The facts set forth here and in the underlying complaint, as well as those in the amended complaint submitted to this court on September 20, 2006, provide a basis for Petitioners' relief.  Specifically, Petitioners seek the adjudication of Mrs. Kaur's original petition on behalf of her husband in April of 2001.  As mandamus relief is a form of equitable relief granted by this court in its discretion,  Mrs. Kaur is entitled to this relief to the extent that the facts demonstrate she was unduly burdened  by Respondents' failure to act.  <u>See</u> <u>Telecommunications Res. And Action Ctr. v. FCC</u> 750 F.2d 70, 80 (D.C. Cir. 1984) ("<u>TRAC</u>").

The significance of the filing date of Mrs. Kaur's original petition directly impacts Mr. Malhi's ability to adjust his immigration status as a beneficiary of the petition.  Because Mrs. Kaur filed her initial petition before April 30, 2001, Mr. Malhi was eligible for relief under provision 245(i) of the Immigration and Nationality Act.  The Legal Immigration Family Equity Act, enacted in December 2000, amended INA §245(i) to permit beneficiaries of an immigrant visa petition filed before April 30, 2001, who were physically present in the U.S. on the date of enactment and who entered the U.S. without inspection or otherwise violated their immigration status, to apply for adjustment of status.  Pub.L. No. 106-554, 114 Stat. 2763 (Dec. 21, 2000).

In order to comply with the statutory requirements of INA § 245(i), Mrs. Kaur, along with many other legal permanent residents, strove to file her petition by the April 30, 2001 deadline.  The critical importance of this date regarding the eventual success of the application cannot be underestimated.  The approval of an I-130 petition is only the first step in adjusting to legal permanent resident status, and the filing date of the I-130 petition is crucial in the ultimate success of an application for adjustment of status.  Mrs. Kaur understood that approval of a petition filed before April 30, 2001 would greatly increase the chances that her husband would successfully adjust to legal permanent resident and therefore properly filed her I-130 petition and filing fees before the deadline.

Respondents wish to have this court dismiss this case because, in their view, agency action on one of Petitioner's relative petitions is adequate.  As Petitioners have set forth, and clarified in an amended complaint before this court, Respondents failure to adjudicate Petitioners' relative petition filed in April 2001 constitutes a live controversy before this court and does not provide the specific relief that Mrs. Kaur seeks.

**B.     This Court has Subject Matter Jurisdiction Over This Lawsuit and Should Provide Mandamus Relief**

Respondents contend that this court lacks jurisdiction to hear this lawsuit because the United States, a sovereign, has not consented to be sued.  However, 28 U.S.C. §1331 provides jurisdiction for equitable relief from agency inaction as long as there is an independent statutory waiver of sovereign immunity.  The APA provides the requisite waiver of sovereign immunity for equitable actions brought under section 1331. 5 U.S.C. §702.  The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof," 5 USC §702, and that '[t]o the extent necessary to decision and when presented, the reviewing

court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action." 5 USC §706.  The court, therefore, has subject matter jurisdiction under 28 U.S.C. § 1331 to adjudicate Petitioners' APA claim.  See Ahmed v. Department of Homeland Security, 328 F.3d 383, 385 (7th Cir. 2003) ("[n]o one has suggested that [Ahmed's] APA claim seeking to compel a federal agency . . . did not fall under the general federal subject matter jurisdiction conferred in 28 U.S.C. § 1331.").

Respondents' discussion of Petitioners' jurisdictional shortcomings failed to distinguish between the existence of subject matter jurisdiction to hear a claim and the ability of the court to grant the relief that is requested.  Respondents seem to take the position that because Petitioners, in their view, have not shown entitlement to mandamus relief, that the court lacks jurisdiction over the claim.  (Mem. at 8).  However, courts have held that unless a claim is "patently frivolous," Carpet, Linoleum & Resilient Tile Layers, Local Union No. 419 v. Brown, 656 F.2d 564 (10th Cir. 1981), the "district court has jurisdiction under § 1361 to determine whether the prerequisites for mandamus relief have been satified."  See Ahmed, 328 F.3d at 386-87; Coal Operators & Assocs., Inc. v. Babbitt, 291 F.3d 912, 915 (6th Cir. 2002) ("For jurisdictional purposes it is not necessary that the duty be clear before the analysis begins . . .") (citations omitted).

Respondents have failed to act on Mrs. Kaur's original relative petition for over five years.  As a result of this delay, her husband has been placed in removal proceedings and may eventually be forced to leave the United States, the home of his U.S. citizen wife and his two U.S. citizen children.  Respondents contend that this period of time does not indicate that agency action has been "unreasonably delayed," and therefore Petitioners do not have a right to mandamus relief.  (Mem. at 8).

Mandamus relief is appropriate when a petitioner establishes (1) a clear right to the relief sought; (2) a plainly defined and nondiscretionary duty on the part of the defendant; and (3) that no other remedy is adequate.  Iddir v. INS, 301 F.3d 492, 499 (7th Cir. 2002); Ganem v. Heckler, 746 F.2d 844, 852 (D.C. Cir. 1984).  This right to relief is premised on the notion that those intended to benefit from an agency's action are unduly burdened by the agency's failure to act. See TRAC, 750 F.2d 70, 80 (D.C. Cir. 1984) ("Many of the same considerations that impel judicial protection of the right to a 'speedy trial' in criminal cases or implementation of civil decrees with all deliberate speed are not inapposite in agency deliberations.") (citations omitted).

The availability of Mandamus relief is a recognition of the importance of maintaining agency "credibility" despite reasons for delay, such as the complexity of the task undertaken.  Id. at 80 ("Complex regulation must still be credible regulation; the delay at issue here threatens…credibility.").  Importantly, mandamus action protects against the cumulative loss to those who await agency action, In Re:  American Rivers and Idaho Rivers United, 372 F.3d 417 (D.C. Cir. 2004) ("[i]t is obvious that the benefits of agency expertise and creation of a record will not be realized if the agency never takes action.") (citations omitted), and persistent and lengthy delays in agency action which contravene the intent of lawmakers. TRAC, 750 F.2d at 80 (the "entire ratemaking procedure in the 1934 Communications Act… assumes that rates will be finally decided within a reasonable time…") (citations omitted).

It is the special role of the court to provide relief from unreasonable agency delay.  As the the court reasoned in TRAC, "delay in the resolution of administrative proceedings can…deprive regulated entities, their competitors or the public of rights and economic opportunities without the due process the Constitution requires."  750 F.2d at 80.  The court also noted that "excessive delay saps the public confidence in an agency's ability to discharge its responsibilities and

creates uncertainty for the parties, who must incorporate the potential effect of possible agency decisionmaking into future plans." Cutler v. Hayes, 818 F.2d 879 (D.C. Cir. 1987) (citations omitted).

In the absence of a statutory timetable, courts have held that a "rule of reason" should govern the time in which agencies make decisions. See TRAC, 750 F.2d 70, 80 (D.C. Cir. 1984). As the TRAC court conceded, the "reasonable delay" standard is "hardly ironclad, and sometimes suffers from vagueness." 750 F.2d at 232. In addition, the court's analysis of reasonable delay "turns on the facts of each particular case." Midwest Gas Users Ass'n v. F.E.R.C., 833 F.2d 341, 360 (D.C. Cir. 1980). Here, Petitioner Amarjeet Kaur simply seeks to compel the adjudication of a petition that was properly in April of 2001. This situation is distinguishable from cases such as Mashpee cited in Respondents' brief. (Mem. at 11). In Mashpee Wampanoag Tribal Council, Inc. v. Norton, the court concluded that interfering with an agency's priorities in order to place one similarly situated applicant ahead of another might be inappropriate. 336 F.3d 1094 (D.C. Cir. 2003). In Mashpee, ten American Indian tribes awaited federal recognition of their status as an Indian tribe, and the court made specific reference to the painstaking evaluation of each petitioning tribe by a historian, cultural anthropologist and genealogist. Id. at 1100. For purposes of a "competing priorities" analysis, each of the tribes was identically situated to any of the others, meaning that they entered the "queue" in exactly the same way and were then processed identically. Id. Mrs. Kaur could not have waited in an orderly line similar to that of Mashpee because her last petition was filed before her first. It seems that in Mrs. Kaur's case, Respondents found no competing priorities when they adjudicated one petition, but failed to adjudicate another filed years before.

**CONCLUSION**

For the foregoing reasons, Petitioners respectfully request that this court deny

Respondents' Motion to Dismiss this action and that the court compel Respondents to adjudicate

Mrs. Kaur's original I-130 petition and preserve her initial filing date.


Respectfully Submitted,

/s/

_____
PAUL S. ALLEN
DC BAR NO. 167940
PAUL S. ALLEN & ASSOCIATES

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
AMARJEET KAUR, et al.,                  )
                                        )
            Petitioners,                )
                                        )
      v.                                )        Civil Action No. 06-0765 (RBW)
                                        )
                                        )
MICHAEL CHERTOFF, et al.,               )
                                        )
            Defendants.                 )
_____  )

### **ORDER**

Upon consideration of Petitioners' Memorandum of Points and Authorities in Opposition to Respondents' Motion to Dismiss, Respondents' Motion to Dismiss is hereby DENIED.


                                        _____
                                        DISTRICT COURT JUDGE