UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMARJEET KAUR<br>1493 POWELL TAVERN PLACE<br>HERNDON, VA 20170<br><br>BALWINDER SINGH MALHI<br>1493 POWELL TAVERN PLACE<br>HERNDON, VA 20170<br><br>    PETITIONERS,<br><br>  v.<br><br>MICHAEL CHERTOFF, SECRETARY,<br>DEPARTMENT OF HOMELAND<br>SECURITY,<br>WASHINGTON, DC 20528<br><br>ROBERT M. COWAN<br>DIRECTOR, NATIONAL BENEFITS<br>CENTER,<br>P.O. BOX 648004<br>LEE'S SUMMIT, MO 64064<br><br>PHYLLIS HOWARD<br>DISTRICT DIRECTOR,<br>USCIS<br>2675 PROSPERITY AVENUE<br>FAIRFAX, VA 22031<br><br>    RESPONDENTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PETITION FOR A WRIT OF MANDAMUS
AND DECLARATORY JUDGMENT**

COME NOW the Petitioners, Amarjeet Kaur and Balwinder Singh Malhi, by and through undersigned counsel, and hereby request that this Honorable Court order the Respondents to adjudicate Mrs. Kaur's Immigrant Petition for Alien Relative (Form I-130), filed on behalf of her

1

husband, Mr. Balwinder Singh Malhi, on April 28, 2001.  This petition has now been pending for almost five years.  In the alternative, petitioners move this Court to compel the adjudication of a more recent Immigrant Petition for Alien Relative (Form I-130) filed by Mrs. Kaur on behalf of her husband on February 22, 2005.  Mrs. Kaur seeks the adjudication of the second petition, only if the April 28, 2001 filing date will be recognized as the original filing date.  Mrs. Kaur's second petition has been pending for over a year.  Petitioners also request that this court issue a declaratory judgment, stating that the United States Citizen and Immigration Services improperly denied Mr. Malhi's Application for Employment Authorization (Form I-765), filed on April 12, 2005.

## I. JURISDICTION

1.      This Court has subject matter jurisdiction under the federal question statute, 28 U.S.C. § 1331, and the mandamus statute, 28 U.S.C. § 1361.  Moreover, this Court is authorized to issue Orders of Mandamus pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 706, et seq.  This Court also has authority to render a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202, and pursuant to Rule 57 of the Federal Rules of Civil Procedure (F.R.C.P.)

## II. VENUE

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), as this is an action against officers and agencies of the United States in their official capacity brought in the District where the Defendants have their principal place of business.

3.      Venue is also proper because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District of Columbia.

## III. EXHAUSTION OF REMEDIES

4. Mr. Malhi and Mrs. Kaur have exhausted all administrative remedies to the extent required by law. Mrs. Kaur properly submitted her first Immigrant Petition for Alien Relative (Form I-130) on April 28, 2001, and she then submitted a second Immigrant Petition for Alien Relative (Form I-130) on February 22, 2005. She paid filing fees on both occasions. No other remedy is available to Mrs. Kaur other than this court's grant of mandamus relief.

## IV.    PARTIES

5. Mrs. Kaur is a United States citizen. When she filed the first Immigrant Petition for Alien Relative (Form I-130) on behalf of her husband, Mr. Balwinder Singh Malhi, she was a lawful permanent resident. She later naturalized and filed a second Immigrant Petition for Alien Relative (Form I-130) on his behalf, as an American citizen. She seeks adjudication of either petition as long as the April 28, 2001 filing date is preserved as the original filing date.

6. Mr. Malhi is a native and citizen of India and is married to Mrs. Kaur. He submitted an Application for Employment Authorization (Form I-765) which was denied. He seeks a declaratory judgment from this Court stating that the denial of his application for employment authorization was in error.

7. Respondent Michael Chertoff is the Secretary of the Department of Homeland Security and is charged with the administration of the Immigration and Nationality Act and the adjudication of immigration applications.

8. Robert Cowan is the Director of the Nationals Benefit Center, the division of United States Citizenship and Immigration Services that denied Mr. Malhi's application for employment authorization.

9. Phyllis Howard is the District Director for United States Citizenship and Immigration Services in Virginia, which issued the denial of Mr. Malhi's Application for Employment Authorization.

## V. STATEMENT OF FACTS

10. Mrs. Kaur is a United States citizen. On April 13, 2001, when she was a lawful permanent resident, she married Balwinder Singh Malhi, a native and citizen of India *(Exhibit 1)*. Mrs. Kaur and Mr. Malhi have two United States citizen children: their son, Sukhpal Singh Malhi, born on September 2, 2001, *(Exhibit 2)*, and their daughter, Manjot Kaur Malhi, born on May 16, 2003 *(Exhibit 3)*.

11. On April 28, 2001, Mrs. Kaur filed an Immigrant Petition for Alien Relative (Form I-130) on behalf of her husband, along with an Application for Adjustment of Status (Form I-485), *(Exhibit 4)*. She received a receipt number confirming receipt of her check and application (*Exhibit 5*), and later, completed a status check using the receipt number. (*Exhibit 6*).

12. Mrs. Kaur later confirmed that USCIS received her application and check on April 30, 2001 by tracking the progress of the application through FedEx. (*Exhibit 7*).

13. On September 16, 2004, Mrs. Kaur became a United States citizen *(Exhibit 8)*.

14. On October 18, 2004, Mr. Malhi filed an Application for Employment Authorization (form I-765) based on his pending Application for Adjustment of Status (Form I-485).

15. On February 14, 2005, United States Citizenship and Immigration Services (USCIS), Nebraska Service Center, issued a decision denying Mr. Malhi's Application for Employment Authorization (Form I-765). The decision stated that Mr. Malhi must have a

pending Application for Adjustment of Status (Form I-485), before he could submit an Application for Employment Authorization (Form I-765) *(Exhibit 9)*.

16. On February 22, 2005, Mrs. Kaur submitted a new Petition for Alien Relative (Form I-130), along with a new Application for Adjustment of Status (Form I-485).

17. On March 28, 2005, United States Citizenship and Immigration Services (USCIS) sent Mrs. Kaur a receipt notice confirming the filing of the Immigrant Petition for Alien Relative (Form I-130) on behalf of her husband *(Exhibit 10)*, as well as a receipt notice for the Application for Adjustment of Status (I-485) *(Exhibit 11)*.

18. On April 12, 2005, Paul Shearman Allen & Associates submitted a new Application for Employment Authorization (Form I-765) on behalf of Mr. Malhi.

19. On April 20, 2005, USCIS sent Mr. Malhi a receipt notice for his Application for Employment Authorization (Form I-765) *(Exhibit 12)*.

20. On June 21, 2005, United States Citizenship and Immigration Services in Lee's Summit, Missouri denied Mr. Malhi's Application for Employment Authorization (Form I-765) *(Exhibit 13)*. USCIS stated in the denial letter that Mr. Malhi's Application for Adjustment of Status (Form I-485) had been administratively closed pending resolution of his removal proceedings. On August 23, 2005, USCIS in Fairfax, VA confirmed the denial of the Application for Employment Authorization (Form I-765) *(Exhibit 14)*.

21. Mr. Malhi has filed a petition for review in the Ninth Circuit Court of Appeals asking that Court to review a Board of Immigration Appeals' order denying Mr. Malhi's Motion to Reopen removal proceedings due to ineffective assistance of counsel. On April 10, 2006, the Ninth Circuit Court of Appeals denied this appeal in part and dismissed it in part. Mr. Malhi is in the process of petitioning the court for a rehearing.

## VII. CONCLUSION

22.    There is no reasonable cause preventing the approval of Mrs. Kaur's Immigrant Petition for Alien Relative (Form I-130), which has now been pending for almost five years, or her second I-130, which has now been pending for over a year.

23.    The Respondents have unreasonably delayed action on Mrs. Kaur's Petition for Alien Relative (Form I-130), and they have failed to carry out the adjudication functions delegated to them by the Immigration and Nationality Act with regard to Petitioners' case.

24.    In addition, Mr. Malhi's Application for Employment Authorization was improperly denied. Mr. Malhi is the father of two young American citizen children and is struggling to support them. He was instructed by USCIS that he could not apply for employment authorization without submitting an Application for Adjustment of Status (Form I-485). He subsequently submitted a new Form I-485 and later re-submitted an Application for Employment Authorization (Form I-765). Despite the fact that his Form I-485 is pending, his Application for Employment Authorization was again denied.

25.    8 CFR § 245.2 provides that once a noncitizen, who is not an arriving alien, is in deportation or removal proceedings, his or her Application for Adjustment of Status should be made *only in those proceedings*. However, this law deals <u>only</u> with Mr. Malhi's application for adjustment of status, <u>not</u> his application for employment authorization.

26.    The Immigration and Nationality Act provides that for noncitizens who submit an application for adjustment of status, "during the application period, and *until a final determination has been made* . . . [they] shall be granted authorization to engage in employment in the United States." INA § 245A(e)(2)(B) (emphasis added). While Mr. Malhi's application

for adjustment of status is pending, he is eligible to work, and his Application for Employment Authorization should have been approved.

### VIII. PRAYER FOR RELIEF

27.     Petitioners request the Court enter an order requiring the Respondent, USCIS, to promptly adjudicate either of Mrs. Kaur's Petitions for Alien Relative (Form I-130).  However, Petitioners request that the USCIS recognize the filing date of the *original petition* which was received by USCIS on April 30, 2001.  (*Exhibits 4-6*).  Petitioners further request that the Court declare that the denial of Mr. Malhi's employment authorization was wrongful

28.     Petitioners also request attorney's fees and that this Honorable Court grant such other and further relief that it deems just and appropriate.

Respectfully submitted,

_____
Paul S. Allen
DC Bar No. 167940
Paul Shearman Allen & Associates
1329 18th St. NW
Washington, DC 20036
Ph. 202-638-2777
Fax. 202-638-1677

**CERTIFICATE OF SERVICE**

     I, Paul S. Allen, certify that a copy of the foregoing Complaint for Mandamus has been mailed on April 25, 2006 by certified mail, first class postage prepaid to:


MICHAEL CHERTOFF, SECRETARY,
DEPARTMENT OF HOMELAND
SECURITY,
WASHINGTON, DC 20528,

ROBERT M. COWAN
DIRECTOR, NATIONAL BENEFITS
CENTER,
P.O. BOX 648004
LEE'S SUMMIT, MO 64064

PHYLLIS HOWARD
DISTRICT DIRECTOR,
USCIS
2675 PROSPERITY AVENUE
FAIRFAX, VA 22031


                                                 _____
                                                 Paul S. Allen
                                                 DC Bar No. 167940
                                                 Paul Shearman Allen & Associates
                                                 1329 18th St. NW
                                                 Washington, DC 20036
                                                 Ph. 202-638-2777
                                                 Fax. 202-638-1677