UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERJEET KAUR, et al., ) | |
| ) | |
| Petitioners, ) | |
| ) | |
| v. ) | Civil Action No. 06-0765 (RBW) |
| ) | |
| MICHAEL CHERTOFF, et al., ) | |
| ) | |
| Respondents ) | |

**OPPOSITION TO RESPONDENTS'
MOTION TO DISMISS THE AMENDED PETITION**

Petitioners Amarjeet Kaur and Balwinder Singh Malhi file this opposition to Respondents' Motion to Dismiss the Amended Petition pursuant to LCvR 7(b).  Petitioners respectfully request this Court to deny Respondents' Motion to Dismiss the Amended Petition. A memorandum in support of this motion and a proposed order are attached.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AMERJEET KAUR, et al., | ) | |
| Petitioners, | ) ) ) | |
| v. | ) ) | Civil Action No. 06-0765 (RBW) |
| MICHAEL CHERTOFF, et al., | ) ) ) | |
| Respondents | ) ) | |

**OPPOSITION TO RESPONDENTS' MOTION TO DISMISS
THE AMENDED PETITION**

Petitioners Amarjeet Kaur and Balwinder Singh Malhi file this opposition to Respondents' Motion to Dismiss the Amended Petition pursuant to LCvR 7(b). Petitioners brought the underlying action to compel the adjudication of an Immigrant Petition for Alien Relative (Form I-130) filed by Mrs. Kaur in April of 2001. In addition, Petitioners requested that the Court declare the denial of Mr. Malhi's employment authorization to be wrongful. Petitioners maintain the right to compel the adjudication of Mrs. Kaur's initial Immediate Relative Petition and to preserve the April 2001 filing date. Because Respondents failed to adjudicate Petitioners' April 2001 Immediate Relative Petition and Petitioners maintain that they are entitled to this agency action, a live case or controversy exists and this case should not be dismissed.

# ARGUMENT

### A. Mr. Malhi's Failure to Voluntarily Depart the United States Does Not Preclude This Court From Granting Petitioners the Relief They Seek

Petitioners acknowledge that an application for adjustment of status must be raised within the context of removal proceedings. See C.F.R. § 245.2(A)(1); 8 U.S.C. § 1252(a)(2)(B). Respondents incorrectly assert that Petitioners ask this Court to adjudicate an application for adjustment of status. Here, Petitioners only seek a writ of mandamus for the purposes of compelling USCIS to adjudicate Mrs. Kaur's initial Immediate Relative Petition and to preserve the April 2001 filing date. Am. Pet. at ¶ 27 (requesting USCIS to "promptly adjudicate either of Mrs. Kaur's Petitions for Alien Relative . . . [and] recognize the filing date of the *original* petition). Petitioners do not ask this Court to adjudicate an application of adjustment of status. This Court can grant the relief which Petitioners seek by compelling the adjudication of the first Petition and/or recognition of the original filing date of April, 2001.

### B. Petitioners' Claims are Not Moot Because a Live Controversy Exists

A court may dismiss a complaint for failure to state a claim only if it appears beyond doubt that no relief could be granted under any set of facts consistent with the allegations. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Browning v. Clinton, 292 F.3d. 235, 242 (D.C. Cir. 2002); Atchinson v. District of Columbia, 73 F.3d 418, 422 (D.C. Cir. 1996). All well-pleaded factual allegations must be accepted as true and all reasonable inferences drawn in favor of a plaintiff. Browning, 292 F.3d. at 242; Atchinson, 73 F.3d at 422; Fraser v. Gottfried, 636 A.2d 430 (D.C. 1994). A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) may be granted in cases where it is "beyond doubt" that there is no set of facts that supports plaintiff's claim entitling him to relief. Conley, 355 U.S. at 45-46; Sparrow v. United Airlines, Inc., 216 F.3d 1111, 1114 (D.C. Cir. 2000).

The facts set forth here by Petitioners, as well as those in Amended Petition and First Opposition to Respondents' Motion to Dismiss (Document No. 7), establish a basis for Petitioners' requested relief. Petitioners seek adjudication of Mrs. Kaur's original petition on behalf of her husband, which was filed in April of 2001. Mandamus relief is a form of equitable relief granted by this Court at its discretion, and Mrs. Kaur is entitled to such relief to the extent that the facts demonstrate that she was unduly burdened by Respondents' failure to act. See Telecommunications Research. And Action Center v. FCC, 750 F.2d 70, 80 (D.C. Cir. 1984) ("TRAC").

In this case, Petitioners have been unduly burdened by the Respondents' failure to adjudicate Mrs. Kaur's original Immediate Relative Petition. Respondents assert that "events subsequent to the filing of the initial Petition in this case provided Petitioners with their requested relief and ended any live controversy between the parties." Mot. to Dismiss Am. Petition at 10. While it is true that USCIS adjudicated an immigrant petition for alien relative and approved Mr. Malhi's employment authorization application, this is not the sole relief which Petitioners seek. Petitioners specifically requested "that USCIS recognize the filing date of the *original* petition which was received by USCIS on April 30, 2001." Am. Petition at ¶ 27. Furthermore, USCIS' failure to adjudicate Mrs. Kaur's original petition has unduly burdened Petitioners in that it has affected Mr. Malhi's ability to adjust his immigration status as a beneficiary of the petition.

Federal courts have the authority to hear and decide "case" and "controversies." See Allen v. Wright, 468, U.S. 737, 750 (1984); National Black Police Association v. District of Columbia, 108 F.3d 346, 349 (D.C. Cir. 1997). "Article III, Section 2 of the Constitution permits federal courts to adjudicate only 'actual, ongoing controversies.' If events outrun the

controversy such that the court can grant no meaningful relief, the case should be dismissed as moot." McBryde v. Committee to Review Circuit Counsel Conduct and Disability Orders of the Judicial Conference of the United States, 264 F.3d 52, 53 (D.C. Cir. 2001) (citations omitted). In this case, the Court *can* grant meaningful relief to Petitioners by compelling USCIS to adjudicate Petitioners' original petition or by recognizing the filing date of the original petition as Mr. Malhi's priority date. Petitioners have explained the importance of the filing date of Mrs. Kaur's original petition because of its impact on Mr. Malhi's ability to adjust his immigration status as a beneficiary of the petition. See Opp. To Respondents' Mot. to Dismiss at 2-3. (Document No. 7). Petitioners' case is not moot because it presents a live controversy: USCIS's failure to adjudicate the original Immediate Relative Petition. This Court has the authority to grant Petitioners the relief they seek.

Respondents would have this Court dismiss this case based on the incorrect assumption that agency action on one of Petitioners' relative petitions is an adequate remedy. However, Respondents' failure to adjudicate the original relative petition filed in April 2001 or to recognize the original filing date does not provide the specific relief that Mrs. Kaur and Mr. Malhi seek.

   C.  **Sovereign Immunity Does Not Bar Petitioners' Claims from Being Heard**

Respondents contend that this Court lacks jurisdiction over Petitioners' claims because the United States has not consented to be sued. See United States v. Sherwood, 312 U.S. 584, 586 (1941); United States v. Testan, 424 U.S. 392, 399 (1976) (stating that the United States "is immune from suit save as it consents to be sued, and the terms of consent to be sued in any court define that court's jurisdiction to entertain the suit"). However, 28 U.S.C. 1331 provides jurisdiction for equitable relief as long as there is an independent statutory waiver of sovereign

immunity. The Administrative Procedures Act (APA), 5 U.S.C. § 706, provides the requisite waiver for equitable actions brought under Section 1331. The APA provides that a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof" 4 U.S.C. §702, and that "[t]o the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of the agency action." 5 U.S.C. §706. The APA's waiver of sovereign immunity provides jurisdiction for claims brought "under the federal-question statute, 28 U.S.C. §1331, the declaratory-relief statute, *id.* §2201-2202, or the mandamus statute, *id.* § 1361." Trans-Ohio Savings Bank v. Director, Office of Thrift Supervision, 967 F.2d 598, 607 (D.C. Cir. 1992); see also Sharp v. Weinberger, 798 1521, 1523 (D.C. Cir. 1986). This Court has subject matter jurisdiction under 28 U.S.C. § 1331 to adjudicate Petitioners' APA claim. See Ahmed v. Department of Homeland Security, 328 F.3d 383, 385 (7th Cir. 2003) ("[n]o one has suggested that [Ahmed's] APA claim seeking to compel a federal agency . . . did not fall under the general federal subject matter jurisdiction conferred in 28 U.S.C. § 1331).

### D. Mandamus Relief is Warranted in Petitioners' Case

Respondents also contend that "these is no 'unreasonably delayed' agency action cognizable under the APA" in this case. HOWEVER, RESPONDENTS HAVE FAILED TO ACT ON MRS. KAUR'S ORIGINAL PETITION FOR OVER FIVE YEARS.

Mandamus relief is appropriate when a petitioner establishes (1) a clear right to the relief sought; (2) a plainly defined and nondiscretionary duty on the part of the defendant; and (3) that no other remedy is adequate. Iddir v. INS, 301 F.3d 492, 499 (7th Cir. 2002); Ganem v. Heckler,

746 F.2d 844, 852 (D.C. Cir. 1984). This right to relief is premised on the notion that those intended to benefit from an agency's action are unduly burdened by the agency's failure to act. See TRAC, 750 F.2d 70, 80 (D.C. Cir. 1984) ("Many of the same considerations that impel judicial protection of the right to a 'speedy trial' in criminal cases or implementation of civil decrees with all deliberate speed are not inapposite in agency deliberations.") (citations omitted).

     The availability of mandamus relief is a recognition of the importance of maintaining agency "credibility" despite reasons for delay, such as the complexity of the task undertaken. Id. at 80 ("Complex regulation must still be credible regulation; the delay at issue here threatens…credibility."). Importantly, mandamus action protects against the cumulative loss to those who await agency action, In Re: American Rivers and Idaho Rivers United, 372 F.3d 417 (D.C. Cir. 2004) ("[i]t is obvious that the benefits of agency expertise and creation of a record will not be realized if the agency never takes action.") (citations omitted), and persistent and lengthy delays in agency action which contravene the intent of lawmakers. TRAC, 750 F.2d at 80 (the "entire ratemaking procedure in the 1934 Communications Act… assumes that rates will be finally decided within a reasonable time…") (citations omitted).

     It is the special role of the court to provide relief from unreasonable agency delay. As the the court reasoned in TRAC, "delay in the resolution of administrative proceedings can…deprive regulated entities, their competitors or the public of rights and economic opportunities without the due process the Constitution requires." 750 F.2d at 80. The court also noted that "excessive delay saps the public confidence in an agency's ability to discharge its responsibilities and creates uncertainty for the parties, who must incorporate the potential effect of possible agency decisionmaking into future plans." Cutler v. Hayes, 818 F.2d 879 (D.C. Cir. 1987) (citations omitted).

In the absence of a statutory timetable, courts have held that a "rule of reason" should govern the time in which agencies make decisions. See TRAC, 750 F.2d 70, 80 (D.C. Cir. 1984). As the TRAC court conceded, the "reasonable delay" standard is "hardly ironclad, and sometimes suffers from vagueness." 750 F.2d at 232. In addition, the court's analysis of reasonable delay "turns on the facts of each particular case." Midwest Gas Users Ass'n v. F.E.R.C., 833 F.2d 341, 360 (D.C. Cir. 1980). Here, Petitioner Amarjeet Kaur simply seeks to compel the adjudication of a petition that was properly filed in April of 2001. This situation is distinguishable from cases such as Mashpee cited by Repondents. Mot. to Dismiss Am. Petition at 16. In Mashpee Wampanoag Tribal Council, Inc. v. Norton, the court concluded that interfering with an agency's priorities in order to place one similarly situated applicant ahead of another might be inappropriate. 336 F.3d 1094 (D.C. Cir. 2003). In Mashpee, ten American Indian tribes awaited federal recognition of their status as an Indian tribe, and the court made specific reference to the painstaking evaluation of each petitioning tribe by a historian, cultural anthropologist and genealogist. Id. at 1100. For purposes of a "competing priorities" analysis, each of the tribes was identically situated to any of the others, meaning that they entered the "queue" in exactly the same way and were then processed identically. Id. Mrs. Kaur could not have waited in an orderly line similar to that of Mashpee because her last petition was filed before her first. It seems that in Mrs. Kaur's case, Respondents found no competing priorities when they adjudicated one petition, but failed to adjudicate another filed years before.

## CONCLUSION

When a U.S. citizen wife with two U.S. citizen children files an immediate relative petition for an alien husband who has supported her and with whom she has resided for over five years, the only issue for the USCIS to decide is whether the marriage is bona fide; that the party

is married with the intention of forming a life together. The facts clearly show that this is the case. The government has recognized that and has made that positive conclusion by the approval of the second petition.

Thus it is clear that the government's motion to dismiss is intended to defeat and to delay Petitioner's husband's adjustment of status to permanent resident alien; this delay is arbitrary, contrary to law, and an abuse of discretion. The government's motion to dismiss is substantially unjustified and is interposed solely to delay the Mr. Malhi's ability to obtain legal permanent resident status.

The Petitioners' amended petition raises the issue of recognition of the first priority date and that approval of the original immediate relative petition will make the Petitioner's husband eligible for adjustment of status. Petitioners are not asking this Court to adjudicate or approve the application for adjustment of status at this time.

Accordingly, the Defendants' motion to dismiss is interposed solely to delay Mr. Malhi, husband of a U.S. citizen and father of two U.S. citizen children, from obtaining permanent legal status and is substantially unjustified. We ask the Court to deny the motion to dismiss and to enter an order requiring the Department of Homeland Security to adjudicate the US citizen wife's petition filed on or before April 30, 2001.

Respectfully Submitted,

_____
Paul S. Allen
DC Bar No. 167940
Paul Shearman Allen & Associates
1329 18th St. NW
Washington, DC 20036
Ph. 202-638-2777
Fax. 202-638-1677

## CERTIFICATE OF SERVICE

    I, Paul S. Allen, certify that a copy of the foregoing Opposition to Respondents' Motion to Dismiss the Amended Petition has been mailed on November 10, 2006 by certified mail, first class postage prepaid to:

MICHAEL CHERTOFF, SECRETARY,
DEPARTMENT OF HOMELAND
SECURITY,
WASHINGTON, DC 20528,

ROBERT M. COWAN
DIRECTOR, NATIONAL BENEFITS
CENTER,
P.O. BOX 648004
LEE'S SUMMIT, MO 64064

PHYLLIS HOWARD
DISTRICT DIRECTOR,
USCIS
2675 PROSPERITY AVENUE
FAIRFAX, VA 22031

_____
Paul S. Allen
DC Bar No. 167940
Paul Shearman Allen & Associates
1329 18th St. NW
Washington, DC 20036
Ph. 202-638-2777
Fax. 202-638-1677