UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMARJEET KAUR, et al.,                )
                                      )
        Petitioners,                  )
                                      )
    v.                                )  Civil Action No. 06-0765 (RBW)
                                      )
MICHAEL CHERTOFF, et al.,             )
                                      )
        Respondents.                  )
_____)

### REPLY TO PETITIONERS' OPPOSITION TO RESPONDENTS' MOTION TO DISMISS THE AMENDED PETITION

Respondents moved to dismiss this case for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Petitioners' Opposition to Respondents' Motion, Document No. 12, reflects little more than a cynical effort to avoid the impact of, or collaterally attack, Mr. Malhi's prior removal proceedings before the Bureau of Immigration Appeals (BIA) and the United States Court of Appeals for the Ninth Circuit. The Court should reject Petitioners' attempt to confuse or distract the Court from this fundamental point by arguing that the Court can "preserve the April 2001 filing date" for one of Mrs. Kaur's Form I-130s. Opp. at 2 of 10.[1]

Moreover, Petitioners have failed to address, and thus have conceded, many of the dispositive bases for Respondents' Motion. Therefore, the Court must grant Respondents' Motion to Dismiss as unopposed on those issues.[2] It is well settled that when a plaintiff files an

_____

[1] Petitioners' Opposition is unpaginated. The page references used in this Reply refer to the page numbers added to the Opposition by the Court's ECF system.

[2] Petitioners' Opposition, Document No. 12, fails to address the proceeding before the United States Court of Appeals for the Ninth Circuit described in Respondents' Memorandum at 1-4 and 6-7, fails to address Respondents' argument that the proceeding before the Ninth Circuit

opposition addressing only certain arguments raised by the defendant, "a court may treat those arguments that the plaintiff failed to address as conceded." Hopkins v. Women's Div., General Bd. of Global Ministries, 238 F. Supp.2d 174, 178 (D.D.C. 2002) (citing FDIC v. Bender, 127 F.3d 58, 67-68 (D.C. Cir. 1997)); see also Stephenson v. Cox, 223 F. Supp.2d 119, 121 (D.D.C. 2002) (same result, "even when the result is dismissal of the entire case."). Furthermore, "[a] plaintiff's bare conclusions of law, or sweeping and unwarranted averments of fact, will not be deemed admitted for purposes of either" a motion to dismiss or a motion for summary judgment. Haynesworth v. Miller, 820 F.2d 1245, 1254 (D.C. Cir. 1987).

Respondents explained that Mr. Malhi entered the United States of America illegally "on or about October 17, 1996." 2005 WL 3508595 (Petitioner Balwinder Singh Malhi's Brief in Malhi v. Gonzales, No. 04-73440 (9th Cir., August 6, 2005)). On February 26, 1998, the INS initiated removal proceedings against Mr. Malhi. 2005 WL 3508595 (Government's Brief at 3). After Mr. Malhi's hearing, the Immigration Judge granted Malhi's application for Voluntary Departure. Malhi's Brief at 5. However, Mr. Malhi remained in the United States and his attorneys filed a motion to reopen his removal proceedings with the BIA on April 21, 2004. Id. On April 10, 2006, the United States Court of Appeals for the Ninth Circuit dismissed in part and denied in part Mr. Malhi's petition for review of the BIA's denial of Mr. Malhi's motion to reopen removal proceedings. Malhi v. Gonzales, 176 Fed.Appx. 726 (9th Cir. 2006), rehearing denied. Petitioners never even mention the proceedings before United States Court of Appeals

---

is res judicata, Memo. at 8, fails to address the impact of the REAL ID Act, which vests exclusive jurisdiction over these matters to the United States Courts of Appeals, Memo. at 17, and fails to address Respondents' Memorandum at 17-18, which explained that the filing date of a Form I-130 is committed to USCIS' unreviewable discretion.

for the Ninth Circuit in their Opposition, thus Respondents' explanation of those proceedings, and the effect thereof, is conceded.

A.      **This Court Lacks Subject Matter Jurisdiction Over this Case Because Judicial Review is Precluded by Law and the Court Cannot Grant Petitioners the Relief they Seek Because Mr. Malhi Failed to Voluntarily Depart the United States.**

Respondents' Memorandum explained that to the extent that the issues in this case relate to Mr. Malhi's attempts to adjust his status, this Court lacks jurisdiction to hear such arguments. 8 C.F.R. § 245.2(A)(1); 8 U.S.C. § 1252(a)(2)(B). Petitioners claim that since they are not asking this Court to adjust Mr. Malhi's status, this statutory provision is inapplicable. Opp. at 3. First, Petitioners are, in effect, conceding that there is no real dispute for the Court to adjudicate, since the only reason that they are seeking the Court to "recognize" an April 2001 "filing date" for the Form I-130 is because of, on their view, the impact such an order would have on any subsequent petition for adjustment of status. Opp. at 4 ("USCIS' failure to adjudicate Mrs. Kaur's original petition has unduly burdened Petitioners in that it has affected Ms. Malhi's ability to adjust his immigration status").[3] See also Opp. at 9 (the "amended petition raises the issue of recognition of the first priority date and that . . . will make the Petitioners' husband eligible for adjustment of status. Petitioners are not asking this Court to adjudicate or approve the application for adjustment of status **at this time**.") (emphasis added). Second, the latter quote

_____

[3] Petitioners also argue that the government's Motion "is substantially unjustified and is interposed solely to delay the [sic] Mr. Malhi's ability to obtain legal permanent resident status." Opp. at 9. While this quote reflects the true issue in this case, adjustment of status, it is the Petitioners' position that is unjustified. Mr. Malhi received a benefit in exchange for agreeing to voluntary depart. He then failed to abide by his promise to depart. Then Mr. Malhi tried to avoid the impact of his failure to depart before the immigration court and then the United States Court of Appeals for the Ninth Circuit. The fact that he is now raising this unwarranted collateral attack on his removal proceedings in this Court is an abuse of the process and an unfortunate waste of this Court's valuable time and resources.

3

makes clear that this lawsuit is little more than an attempted end run around the proper forum for

adjustment of Mr. Malhi's status: his removal proceedings.  Petitioners' goal obviously is

adjustment of Mr. Malhi's status, which they say they will raise with the Court in the future

should it "recognize" the April, 2001 filing date.  Opp. at 9.  This sort of piecemeal approach is

no more permissible than would be this Court's direct adjudication of an application by

Petitioners for adjustment of Mr. Malhi's status.  8 U.S.C. § 1252(a)(2)(B).  Petitioners cite no

legal authority to the contrary.  As explained in Respondents' Memorandum, Mr. Malhi

previously argued to the Ninth Circuit just what he is arguing in this case, that the filing of a

Form I-130 "on April 28, 2001" made him "eligible to apply for relief under § 245(I) of the

INA."  2005 WL 3508595 at 5 (Petitioner Balwinder Singh Malhi's Brief in Malhi v. Gonzales,

No. 04-73440 (9th Cir., August 6, 2005).

Mr. Malhi explained to the Ninth Circuit that the effect of his failure to depart was that it

"would ultimately deprive [Mr. Malhi] of INA Section 245(I) benefits, since the failure to depart

might result in the deprivation of a forum for [Mr. Malhi] to apply for adjustment of status."  Id.

Petitioners' Opposition devotes only one paragraph to this critical issue and never even mentions

the proceedings in the United States Court of Appeals for the Ninth Circuit.  Petitioners concede,

by failing to address this question, that Mr. Malhi failed to voluntarily depart this country

pursuant to the valid and binding departure order.  Instead, Petitioners state repeatedly that they

are not requesting adjustment of status, but "only seek a writ of mandamus for the purposes of

compelling USCIS to adjudicate Mrs. Kaur's initial Immediate Relative Petition and to preserve

the April 2001 filing date."  Opp. at 3.

Petitioners simply assert, without legal authority, that the "Court can grant the relief

which Petitioners seek [by recognizing] the original filing date of April, 2001." <u>Id</u>.  While, as explained below, Petitioners' assertion is mistaken, the assertion also is unresponsive to Respondents' brief.  Respondents explained that Section 240B(d)(1)(B) of the INA precludes judicial review in this case.  That statute provides that an alien like Mr. Malhi who has failed to depart voluntarily shall be ineligible, for a period of ten years, to receive any relief under, <u>inter alia</u>, Section 245 of the INA.  8 U.S.C. § 1229c(d).

**B.    Petitioners Fail to Address and Thus Concede that the Decision of the United States Court of Appeals for the Ninth Circuit is *Res Judicata*.**

On page eight of their Memorandum, Respondents explained that the Court must dismiss this lawsuit because Petitioners' claims were, or could have been, raised in the proceedings before the United States Court of Appeals for the Ninth Circuit.  Under claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." <u>Drake v. FAA</u>, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980)).  Petitioners fail to address this issue in their Opposition and thus the Court must dismiss their Amended Petition with prejudice because this lawsuit is barred by claim preclusion.

**C.    In the Alternative, since CIS Has Acted on Petitioners' Form I-130 and Employment Authorization Request, the Case Should be Dismissed as Moot.**

Respondents explained in their Memorandum that this case is moot because the only remaining issue, the purported April, 2001 filing date, is irrelevant and non-justiciable.  Since CIS has adjudicated an immigrant petition for alien relative (Form I-130) and approved Mr. Malhi's employment authorization application, <u>see</u> Respondents' Exs. 1 & 2, the Petitioners have received all of the relief that the Court can award them.  Petitioners do not mention attorney's

fees in their Opposition and thus concede Respondents' argument that a request for costs and fees

does not create a live controversy between the parties.  Respondents' Memo., note 7.  Moreover,

Petitioners have failed to identify any specific legal authority for the proposition that the Court

can order USCIS to "recognize the original filing date" of the Form I-130.  Opp. at 5.

**D.**    **The Extraordinary Remedy of Mandamus is Unwarranted.**

The majority of the argument section in Petitioners' Opposition is devoted to a discussion

of mandamus relief and the decision of the United States Court of Appeals for the District of

Columbia Circuit in Telecommunications Res. and Action Ctr. v. FCC, 750 F.2d 70 (D.C. Cir.

1984) ("TRAC").  Opp. at 3-5, 6-8.  Petitioners refer generally to a purported delay in

adjudicating the "original" Form I-130.  Opp. at 7.  However, Petitioners fail to address

adequately the TRAC factors.  Other than setting forth general legal principles, Petitioners'

application of the TRAC factors appears only in the following two sentences of their Opposition:

"Mrs. Kaur could not have waited in an orderly line . . .because her last petition was filed before

her first.  It seems that in Mrs. Kaur's case, Respondents found no competing priorities when

they adjudicated one petition, but failed to adjudicate another filed years before."  Opp. at 8.  Of

course, Petitioners erroneously assume that the April, 2001 Form I-130 was properly filed, which

is not in evidence and has not been established before the Court.  Furthermore, in support of their

TRAC argument, Petitioners have not identified any case where a district court has issued an

order concerning the filing date of a Form I-130.  Finally, Petitioners have not established any

clear duty owed to them to "recognize" the "original" filing date.  The Mandamus and Venue Act

of 1962 states that "district courts shall have original jurisdiction of any action in the nature of

mandamus to compel an officer or employee of the United States or any agency thereof to

6

perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  To meet the mandamus standard, there

must be: 1) a clear right to relief; 2) a plainly defined and nondiscretionary duty on the part of the

defendant; and 3) no other adequate remedy available.  In re Medicare Reimbursement Litig., 414

F.3d 7, 10 (D.C. Cir. 2005).

**E.     Petitioners Fail to Address the REAL ID Act, Which Vests Exclusive Jurisdiction in
        the Courts of Appeals.**

Respondents explained the REAL ID Act in their Memorandum at 17.  Recent

Congressional legislation specifically precludes mandamus review of matters such as this one in

the district court by expressly referencing 28 U.S.C. § 1361.  See REAL ID Act at § 106(a).  By

making express reference to the mandamus statute at 28 U.S.C. § 1361, Congress made clear that

district courts no longer have mandamus jurisdiction over claims "arising from the decision or

action by the Attorney General to commence proceedings, adjudicate cases, or execute removal

orders."  8 U.S.C. § 1252.  See also Sadhvani v. Chertoff, 2006 WL 3196920 (D.D.C. November

6, 2006) (dismissing, inter alia, mandamus action on the basis of REAL ID Act, which divests

district courts of jurisdiction over claims that are "ancillary" to removal orders).  As here, in

Sadhvani the petitioner had moved to reopen his removal proceedings and also pursued relief in

district court.  Judge Bates dismissed the mandamus claim, ruling that petitioner's allegations in

Sadhvani were causes or claims "arising from the decisionor action by the Attorney General to . .

. execute removal orders against [that] alien." Id. at *7 (citing 8 U.S.C. § 1252(g)).

**F.     The Manner in Which CIS Carries out its Duties is Committed to the Agency's
        Unreviewable Discretion.**

Respondents raised this issue on page 18 of their memorandum.  Petitioners have failed to

address this issue in their Opposition; thus, the Court must grant Respondents' Motion to

Dismiss as unopposed and dismiss this case with prejudice.  USCIS's choice of administrative

processes for adjudicating the Form I-130s, and evaluating their sufficiency, is committed to the

Attorney General's unreviewable discretion.  5 U.S.C. § 701(a) (judicial review of agency action

is precluded where that action "is committed to agency discretion by law");  <u>Vt. Yankee Nuclear</u>

<u>Power Corp. v. Natural Resources Defense Council, Inc.</u>, 435 U.S. 519, 544 (1978) ("[A] very

basic tenet of administrative law [is] that agencies should be free to fashion their own rules of

procedure.").  Accordingly, CIS' action concerning the "filing date" of the Form I-130s at issue is

insulated from judicial review and Petitioners' attempted challenge to the assigned filing date

should be dismissed.

## <u>CONCLUSION</u>

    For the foregoing reasons, the Court should grant Respondents' Motion to Dismiss and

dismiss this case with prejudice.

                        Respectfully submitted,

                           s/Jeffrey A. Taylor
                        JEFFREY A. TAYLOR, D.C. BAR # 498610
                        Interim United States Attorney


                           s/Rudolph Contreras
                        RUDOLPH CONTRERAS, D.C. BAR #  434122
                        Assistant United States Attorney


                           s/Peter S. Smith
                        PETER S. SMITH, D.C. BAR # 465131
                        Assistant United States Attorney
                        United States Attorney's Office, Civil Division
                        555 4th Street, N.W.
                        Washington, D.C. 20530
                        (202) 307-0372